UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| E.N. BISSO & SON, INC. | § | CIVIL ACTION No. |
| | § | |
| VS. | § | SECTION |
| | § | |
| M/V BOUCHARD GIRLS, her tackle, furniture, apparel, appurtenances, *etc*. *in rem,* and the Barge B. NO. 295, her tackle, furniture, apparel, appurtenances, *etc*. *in rem* and BOUCHARD TRANSPORTATION CO., INC. *in personam* | § § § § § § § § | DIVISION "    " JUDGE: MAGISTRATE: |

**VERIFIED COMPLAINT AND REQUEST FOR ORDER TO ARREST VESSELS**

**NOW INTO COURT** through undersigned counsel, comes E.N. Bisso & Son, Inc. ("***E.N. Bisso***") and files this Verified Complaint against the M/V BOUCHARD GIRLS (the "***M/V BOUCHARD GIRLS***") and Barge ***B. NO. 295*** (the "***Barge***"), and the respective tackle, furniture, apparel, appurtenances for each vessel, *in rem* (together, the "***Vessels***") and BOUCHARD TRANSPORTATION CO., INC. *in personam*, ("***Bouchard***," and together with the Vessels, the "***Defendants***"), in support thereof, respectfully represents as follows:

I.

This is an admiralty and maritime action to foreclose upon a maritime lien for towage services to the Vessels and for breach of a maritime contract or suit on open account, within the jurisdiction of the United States of America and this Honorable Court pursuant to 28 U.S.C. § 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules Governing Certain Admiralty and Maritime Claims, specifically Supplemental Admiralty Rules C and E. The Court also has jurisdiction over this action pursuant to the Federal Maritime Lien Act 46 U.S.C. § 31341, *et seq.*

1

II.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

III.

At all relevant times, E.N. Bisso was and is a corporation organized and existing under the laws of the State of Louisiana.  E.N. Bisso owns, operates and charters a fleet of tugboats that it uses to provide marine towage and other services to its customers at points and places on the Lower Mississippi River between Baton Rouge, LA, and Southwest Pass, LA.

IV.

Defendant Vessels are an Articulated Tug/Barge unit that comprises the Barge and its towing vessel M/V BOUCHARD GIRLS bearing United States Coast Guard Documentation Number 955450, IMO Number 8835102, admeasures 199 Gross Tons with a length of 121.9' LOA, which is registered under the laws of the United States, as reflected in the U.S. Coast Guard Maritime Information Exchange Report attached hereto and incorporated by reference as **Exhibit "A."**  The M/V BOUCHARD GIRLS is currently located within this District and within the jurisdiction of this Honorable Court, and more particularly at Belle Chasse Anchorage at Mile 74 Above Head of Passes on the Lower Mississippi River, near the Port of New Orleans.

V.

The M/V BOUCHARD GIRLS' barge is the B. NO. 295, reportedly owned by the B. No. 195 Corp., upon information and belief, a division of Bouchard, bearing United States Coast Guard Documentation Number 955449, IMO Number 8640569, admeasures 9,829 Gross Tons with a length of 447.7' LOA, which is registered under the laws of the United States, as reflected in the U.S. Coast Guard Maritime Information Exchange Report and incorporated by reference as **Exhibit "B."**  The Barge is "married" to the M/V BOUCHARD GIRLS and currently located

within this District and within the jurisdiction of this Honorable Court, and more particularly at Belle Chasse Anchorage at approximately Mile 74 Above Head of Passes on the Lower Mississippi River, near the Port of New Orleans.

VI.

The Vessels comprise the Barge acting as the tank vessel and the M/V BOUCHARD GIRLS acting as the tug boat, propelling and maneuvering the Barge. The M/V BOUCHARD GIRLS is positioned and "pinned" into a notch in the stern of the Barge. They are purposefully built to operate in tandem and at all relevant times were connected and operated together.

VII.

At all material times herein, defendant Bouchard was and is a corporation organized under the laws of State of New York, which is authorized to do and doing business within the jurisdiction of this Honorable Court. Bouchard was and is the registered owner and/or operator of the Vessels. Service of process may be made upon Bouchard by serving Morton S. Bouchard III at 48 South Service Road, Suite 150, Melville, New York 11747.

## COUNT I
## ARREST AND SALE OF VESSELS

VIII.

E.N. Bisso provides its tugboats for ship-assist towage services for docking and undocking operations as well as assistance with anchoring, turning, holding in to berth and other forms of towage of ocean-going vessels and tug/barge units like the Vessels.

IX

Bouchard is a barge company which owns and operates vessels for the transportation of petroleum and other materials.

3

X.

In the summer of 2019, Bouchard engaged E.N. Bisso to provide vessel support and towage services to the Vessels in connection with Bouchard's operations.

XI.

Beginning on or about June 7, 2019 and continuing through August 15, 2019, E.N. Bisso using its own or subcontracted tugboats provided towage services and other necessaries to the Vessels on behalf of the Vessels and Bouchard.

XII.

The marine towage and other necessary services that E.N. Bisso provided to the Vessels constitute necessaries under the Federal Maritime Lien Act, 46 U.S.C. § 31341, *et seq.*

XIII.

E.N. Bisso sent Bouchard, the owner and/or the operator of the Vessels, invoices in the amount of $174,119.33, evidencing in detail the various towage and other services provided to the Vessels described above, including the dates, the location and the type of work performed and identifying the vessels employed. Attached *in globo* as **Exhibit "C"** are true and correct copies of E.N. Bisso's Invoice Nos. 142662, 142670, 142671, 142821, 142899, 142923, 142937, 142981, 143187, 143858 and 143917 (the "*Invoices*"). As established therein, the total principal amount for which Bouchard and the Vessels are liable to E.N. Bisso is $174,119.33.

XIV.

The Invoices reflect necessaries provided and work performed on or for the benefit of the M/V BOUCHARD GIRLS, the Barge, and Bouchard. The charges shown in the Invoices were specifically requested by the Vessels and Bouchard, agreed to, and are fair and reasonable for the work related to the operations of the M/V BOUCHARD GIRLS, the Barge, and Bouchard.

XV.

Despite amicable demand, Bouchard has failed to make proper payment for the towage and other services provided by E.N. Bisso's tugboats as reflected in the Invoices, which remain due and owing to E.N. Bisso.

XVI.

The services of E.N. Bisso give rise to a maritime lien under general maritime law and the Federal Maritime Lien Act, 46 U.S.C. § 31341, *et seq.,* entitling E.N. Bisso to have the Vessels arrested and sold to satisfy the debt pursuant to Rules C and E of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

XVII.

E.N. Bisso thus has a maritime lien against the Vessels for the unpaid balances owed to E.N. Bisso, together with attorney's fees of 25% of the amount sought to be collected, interest at the rate of 18% per annum, costs and any other recoverable damages.

XVIII.

Upon information and belief, and after investigation, neither Bouchard nor its officers or principals can be found within this judicial district for the purposes of the Supplemental Rules for Admiralty or Maritime Claims. *See* Verification Declaration submitted by Michael F. Vitt, Vice President of Operations & General Counsel for the Plaintiff, attached hereto and incorporated by reference as **Exhibit "D."**

XIX.

Although Bouchard cannot be found within the District, it does own goods, chattel or other property that is, as of the date of filing this Verified Complaint, within the jurisdiction of this Honorable Court. Specifically, E.N. Bisso avers that Bouchard owns the M/V BOUCHARD GIRLS

and operates the Barge for its record owner, B. 195 Corp., which are currently within this District.

XX.

Accordingly, E.N. Bisso moves this Court to issue a Warrant arresting the M/V BOUCHARD GIRLS and/or the Barge to secure any judgment rendered herein.

XXI.

In accordance with the applicable Local Admiralty Rules, E.N. Bisso agrees to hold harmless and indemnify the U.S. Marshal and all of its deputies from any and all liability as a result of seizing the Vessels.

## COUNT II
## BREACH OF MARITIME CONTRACT

XXII.

E.N. Bisso incorporates and restates in this Court II all foregoing allegations in the Verified Complaint as if set forth fully herein.

XXIII.

In the summer of 2019, Bouchard and E.N. Bisso entered into a maritime contract pursuant to which E.N. Bisso agreed to provide vessel support and towage services in connection with Bouchard's operations, in exchange for which Bouchard agreed to pay E.N. Bisso for such services.

XXIV.

As evidenced by the Invoices attached hereto and incorporated herein by reference as **Exhibit C**, E.N. Bisso provided services and towage for the benefit of Bouchard and its Vessels in the principal amount of $174,119.33, which Bouchard has not paid, in breach of the maritime contract.

XXV.

As a result of Bouchard's breach, E.N. Bisso has suffered damages in an amount no less than

$174,119.33, and E.N. Bisso is entitled to recover such amounts from Bouchard, together with the maximum legal interest allowed by law, costs of these proceedings, reasonable attorneys fees, and any other legal or equitable relief as the Court deems just and proper.

## COUNT III
## SUIT ON OPEN ACCOUNT

### XXVI.

E.N. Bisso incorporates and restates in this Count III all foregoing allegations in the Verified Complaint as if set forth fully herein.

### XXVII.

In the alternative, Bouchard is justly and truly indebted to E.N. Bisso in the amount of $174,119.33, together with interest at the maximum amount allowed by law, until finally paid, and for all costs incurred in connection herewith, pursuant to Louisiana Revised Statute § 9:2781, for the following reasons, to wit:

### XXVIII.

From June 7, 2019 and continuing through August 15, 2019, E.N. Bisso provided services to Bouchard, which maintained an open account with E.N. Bisso and incurred charges for those goods and/or services in the amount of $174,119.33.

### XXIX.

E.N. Bisso issued Invoices for the goods and services provided to Bouchard, which are attached hereto as **Exhibit C** and incorporated herein by reference.

### XXX.

The charges shown in the Invoices were specifically requested, agreed to, and are fair and reasonable for the work performed by E.N. Bisso and furnished to the M/V BOUCHARD GIRLS, the Barge, and Bouchard.

XXXI.

Despite amicable demand and adequate notice, Bouchard has not paid the balance due on the account nor attempted to make arrangements with E.N. Bisso to satisfy the outstanding amount.

XXXII.

Accordingly, E.N. Bisso is entitled to recover the principal balance due on open account, $174,119.33, together with the maximum legal interest allowed by law, costs of these proceedings, reasonable attorneys' fees, and for any other legal and equitable relief as the Court deems just and proper.

**WHEREFORE**, E.N. Bisso & Son, Inc. prays that Defendants be cited to appear and answer the Verified Complaint and:

1) That this Verified Complaint be deemed good and sufficient;

2) That process in due form of law, according to the practice of this Court in cases of admiralty jurisdiction, issue against Bouchard Transportation, Co., Inc., *in personam*, citing it to appear and answer this Verified Complaint;

3) That process according to the rules and practices of this Court in causes of admiralty and maritime jurisdiction, particularly Rules C and E of the Supplemental Rules of Certain Admiralty and Maritime Procedures issue against the M/V BOUCHARD GIRLS and the Barge B. NO. 295, their respective engines, tackle, boilers, equipment, appurtenances, etc., and any other property aboard said vessel, *in rem*;

4) That pursuant to Supplemental Admiralty Rule C, this Court issue an Order directing the clerk of Court to issue Warrant(s) of Maritime Arrest, arresting the M/V BOUCHARD GIRLS and/or Barge B. NO. 295, their respective apparel, equipment, engines, freight, tackle, etc.

5) That the M/V BOUCHARD GIRLS and the Barge B. NO. 295 be condemned and sold free and clear of all liens and encumbrances to pay E.N. Bisso & Son, Inc.'s claims, and that all persons claiming an interest in same be cited to appear, and, pursuant to the Federal Rules of Civil Procedure, answer the allegations in the Verified Complaint;

6) That a judgment be entered in favor of E.N. Bisso & Son, Inc. against the M/V BOUCHARD GIRLS and the Barge B. NO. 295, *in rem*, and against Bouchard Transportation Co., Inc.*, in personam*, for the amounts due and owing of at least $174,119.33, together with post-judgment interest, and that there be judgment herein against Bouchard Transportation Co., Inc., *in personam,* for all amounts owed to E.N. Bisso & Son, Inc. for breach of contract or on open account, together with costs, expenses, interest and attorney's fees as set forth above; and

7) That this Court grant Plaintiff such other and further relief which it may deem just and proper.

| | |
|---|---|
| LUGENBUHL, WHEATON, PECK RANKIN & HUBBARD | Respectfully submitted,<br><br> /s/ Stewart F. Peck_____<br>STEWART F. PECK (#10403)<br>JAMES W. THURMAN (#38494)<br>601 Poydras Street Suite 2775<br>New Orleans, LA 70130<br>Telephone: (504) 568-1990<br>Facsimile: (504) 310-9195<br>Email: speck@lawal.com;<br>jthurman@lawla.com<br><br>*Attorneys for E.N. Bisso & Son, Inc.* |

**PLEASE SERVE:**

**M/V Bouchard Girls and Barge B. NO. 295,** *in rem*
Vessels are located at Belle Chasse Anchorage, Mile 74 A.H.P. Lower Mississippi River
Belle Chasse, Louisiana

**Bouchard Transportation,** *in personam*
c/o Morton S. Bouchard, III
48 South Service Rd., Suite 150
Melville, NY 11747