UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| E.N. BISSO & SON, INC. | § | CIVIL ACTION No.: 2:19-cv-14765 |
| | § | |
| VS. | § | SECTION "D" |
| | § | |
| | § | DIVISION "3" |
| M/V BOUCHARD GIRLS, her tackle, | § | |
| furniture, apparel, appurtenances, *etc. in rem,* | § | JUDGE VITTER |
| and the Barge B. NO. 295, her tackle, furniture, | § | |
| apparel, appurtenances, *etc. in rem* and | § | MAGISTRATE DOUGLAS |
| BOUCHARD TRANSPORTATION CO., INC. | § | |
| *in personam* | § | |
| | § | |

## VERIFIED COMPLAINT IN INTERVENTION

**NOW INTO COURT** through undersigned counsel, come Plaintiffs/Intervenors Louisiana Machinery Company, L.L.C., d/b/a Resource Power Group, (" *LA Machinery*") and Force Power Systems, LLC ("*Force Power Systems*," and together with LA Machinery, the "*Intervenors*"), and file this Verified Complaint in Intervention (the "*Verified Complaint*") to assert claims against the M/V BOUCHARD GIRLS (the "*BOUCHARD GIRLS*") and Barge *B. NO. 295* (the "*Barge*"), and the respective tackle, furniture, apparel, appurtenances for each vessel, *in rem* (together, the "*Vessels*") and Bouchard Transportation Co., Inc.. *in personam*, ("*Bouchard*," and together with the Vessels, the "*Defendants*")*,* and in support thereof, respectfully represent as follows:

1.

This is an admiralty and maritime action to foreclose upon a maritime lien for equipment and maintenance support to the Vessels and for suit on open account, within the jurisdiction of the United States of America and this Honorable Court pursuant to 28 U.S.C. § 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules Governing Certain Admiralty and Maritime Claims, specifically Supplemental Admiralty Rules C

and E. The Court also has jurisdiction over this action pursuant to the Federal Maritime Lien Act. 46 U.S.C. § 31341, *et seq.*

2.

Venue is proper in this District pursuant to 27 U.S.C. § 1391(b).

3.

At all relevant times, the Intervenors were and are limited liability companies organized and existing under the laws of the State of Louisiana, where they supply engines, engine parts, repairs, and other maintenance support services for vessels.

4.

Defendant Vessels are an Articulated Tug/Barge unit that comprises the Barge, bearing United States Coast Guard Documentation Number 955449, IMO Number 8640569 and towing vessel M/V BOUCHARD GIRLS, bearing United States Coast Guard Documentation Number 955450, IMO Number 8835102, which is registered under the laws of the United States. The Vessels are currently located within this District subject to Warrants of Arrest which were served on the Vessels on December 27, 2019. *See* ECF Doc. Nos. 8, 9.

5.

At all material times herein, defendant Bouchard was and is a corporation organized under the laws of State of New York, which is authorized to do and doing business within the jurisdiction of this Honorable Court. Bouchard was and is the registered owner/operator of the Vessels. Service of process may be made upon Bouchard by serving Morton S. Bouchard III at 48 South Service Road, Suite 150, Melville, New York 11747.

## COUNT I

## <u>SALE OF VESSEL</u>

6.

During April 2019, the Intervenors provided equipment and repair support on behalf of Bouchard on open account as evidenced by the invoices attached hereto and incorporated by reference as **Exhibit "A."** (the "***Invoices***"). Despite providing such equipment and repair support and requesting payment thereon, Bouchard has failed to pay any amounts owed under the Invoices, which are due and owing in the principal amount of no less than $3,782.67 and $3,546.58 for LA Machinery and Force Power, respectively, for a total principal outstanding balance of $7,329.25.

7.

Among these services, the Intervenors Force Power Systems and LA Machinery provided equipment for the Vessels on or about two dates, April 2, 2019 and April 30, 2019, in the amounts of $3,546.58 and $3,782.67, respectively, on behalf of Bouchard and the Vessels, at Bouchard's request, including gaskets, a hose, o-rings, connectors, and other equipment, as reflected in the Invoices. Bouchard has failed to satisfy the amounts due and owing under the Invoices in the principal amount of $7,329.25.

8.

The equipment the Intervenors provided to the Vessels constitute necessaries under the Federal Maritime Lien Act, 46 USC § 31341, *et seq.*

9.

The Intervenors sent Bouchard the Invoices in the amount of $7,329.25, evidencing in detail the parts and equipment provided to the Vessels described above, including the date such necessaries were provided. *See* Exhibit A. As established therein and the Invoice Aging Report attached hereto  as

Exhibit "B,"[1] the total principal amount for which Bouchard and the Vessels are jointly liable to LA Machinery under the Invoices is $7,329.25.

10.

The Invoices reflect necessaries provided and work performed on the order of or for the benefit of the Vessels and Bouchard. The charges shown on the Invoices were specifically requested and agreed to by the Vessels and Bouchard, and are fair and reasonable for the work related to the operations of the Vessels and Bouchard.

11.

Despite amicable demand, Bouchard and the Vessels have failed to make proper payment for the parts and equipment provided by the Intervenors as reflected in the Invoices, which remain past due and owing to the Intervenors in the principal amount of $7,329.25.

12.

The equipment provided by the Intervenors give rise to maritime liens against the Vessels under general maritime law and the Federal Maritime Lien Act, 46 U.S.C. § 31341, *et seq.,* entitling the Intervenors to have the Vessels sold to satisfy the debt pursuant to Rules C and E of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

13.

---

[1] As reflected in the Invoice Aging Report, there are amounts owed to the Intervenors from Bouchard and vessels owned or operated by Bouchard for which the Intervenors do not seek recovery in this action. The Intervenors intend to recover such amounts in other proceedings, if necessary, and hereby expressly reserve, and do not waive, any rights to seek such amounts from Bouchard and those vessels, the credit of which the Intervenors relied upon and continue to rely upon for repayment of amounts due to the Intervenors, along with the credit of Bouchard.

The Intervenors thus have maritime liens against the Vessels for the unpaid balances under the Invoices, together with attorney's fees of 25% of the amount sought to be collected, interest, costs and any other recoverable damages.

## COUNT II
## SUIT ON OPEN ACCOUNT

14.

The Intervenors incorporate and restate in this Count II all foregoing allegations in the Verified Complaint as if set forth fully herein.

15.

Bouchard is justly and truly indebted to the Intervenors in the principal amount of no less than $7,329.25, together with interest at the maximum amount allowed by law, until finally paid, and for all costs incurred in connection herewith, pursuant to Louisiana Revised Statute § 9:2781, for the following reasons, to wit.

16.

During April 2019, the Intervenors provided goods and repair support to Bouchard, which maintained an open account with the Intervenors and incurred charges for those goods in an amount no less than $7,329.25.

17.

The Intervenors issued Invoices for the equipment provided to Bouchard and the Vessels, which are attached hereto as **Exhibit A** and incorporated herein by reference.

18.

The charges shown in the Invoices were specifically requested, agreed to, and are fair and reasonable for the work performed by the Intervenors and furnished to Bouchard and the Vessels.

19.

Despite amicable demand and adequate notice, Bouchard has not paid the balance due on the account nor attempted to make arrangements with the Intervenors to satisfy the outstanding amount.

20.

Accordingly, the Intervenors are entitled to recover the principal balance due on open account, $7,329.25, together with the maximum legal interest allowed by law, costs of these proceedings, reasonable attorneys' fees, and any other legal and equitable relief as the Court deems just and proper.

**WHEREFORE**, Louisiana Machinery, d/b/a Resource Power Group and Force Power Systems, LLC pray that Defendants be cited to appear and answer the Complaint and:

1) That this Verified Complaint be deemed good and sufficient;

2) That process in due form of law, according to the practice of this Court in cases of admiralty jurisdiction, issue against Bouchard Transportation, Co., Inc., *in personam*, citing it to appear and answer this Verified Complaint;

3) That process according to the rules and practices of this Court in causes of admiralty and maritime jurisdiction, particularly Rules C and E of the Supplemental Rules of Certain Admiralty and Maritime Procedures issue against the M/V BOUCHARD GIRLS and the Barge B. NO. 295, their engines, tackle, boilers, equipment, appurtenances, etc., and any other property aboard said vessel, *in rem*;

4) That judgments be entered in favor of Louisiana Machinery, LLC d/b/a Resource Power Group and Force Power Systems against the M/V BOUCHARD GIRLS and the Barge B. NO. 295, *in rem*, in the total amount of $7,329.25, and that there be judgment

herein against Bouchard Transportation Co., Inc., *in personam,* for the principal amount

of $7,329.25, on open account, together with costs, expenses, interest and attorney's

fees as set forth above; and

5)   That this Court grant Louisiana Machinery, LLC d/b/a Resource Power Group and Force

Power Systems, LLC such other and further relief which it may deem just and proper.

Respectfully submitted,

LUGENBUHL, WHEATON                  */s/ James W. Thurman*
PECK, RANKIN & HUBBARD              STEWART F. PECK (#10403)
                                    JAMES W. THURMAN (#38494)
                                    601 Poydras Street Suite 2775
                                    New Orleans, LA 70130
                                    Telephone: (504) 568-1990
                                    Facsimile: (504) 310-9195
                                    Email: speck@lawal.com;
                                    jthurman@lawla.com

                                    *Attorneys for Louisiana Machinery, L.L.C.*
                                    *d/b/a  Resource Power Group and Force Power*
                                    *Systems, L.L.C.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| E.N. BISSO & SON, INC. | § | CIVIL ACTION No.: 2:19-cv-14765 |
| | § | |
| VS. | § | SECTION "D" |
| | § | |
| | § | DIVISION "3" |
| M/V BOUCHARD GIRLS, her tackle, | § | |
| furniture, apparel, appurtenances, *etc. in rem,* | § | JUDGE VITTER |
| and the Barge B. NO. 295, her tackle, | § | |
| furniture, apparel, appurtenances, *etc. in rem* | § | MAGISTRATE DOUGLAS |
| and BOUCHARD TRANSPORTATION CO., | § | |
| INC. *in personam* | § | |
| | § | |

## **VERIFICATION**

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, THE UNDERSIGNED AUTHORITY, personally came and appeared

JAMES W. THURMAN, who after being duly sworn, did say,

I am an attorney representing Intervenors, Louisiana Machinery, LLC d/b/a Resource Power Group and Force Power Systems, LLC, in this matter and that the information set forth in the Verified Complaint in Intervention is true and correct based upon information and documentation provided to me by my client, and that grounds exist for the arrest and sale of the Barge B. No. 295 and the M.V. DONNA J. BOUCHARD under 46 U.S.C § 31342 and Rules C and E of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and that such amounts as asserted therein are due and owing from such Vessels and/or Bouchard Transportation, Co. Inc.

_____
James W. Thurman

SWORN AND SUBSCRIBED BEFORE
ME, NOTARY, THIS 31st DAY OF
JANUARY 2020.

CHRISTOPHER T. CAPLINGER
NOTARY PUBLIC
LA BAR No. 25357, Notary No. 60337
Parish of Orleans, State of Louisiana
My Commission is issued for Life

12