UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| E.N. BISSO & SON, INC., | * | CIVIL ACTION NO. 2:19-cv-14765 |
| | * | |
| Plaintiff, | * | SECTION "D" |
| | * | |
| VERSUS | * | DIVISION "3" |
| | * | |
| M/V BOUCHARD GIRLS, her tackle, furniture, apparel, appurtenances, *etc. in rem* & BOUCHARD TRANSPORTATION CO., INC. *in personam* | * | JUDGE WENDY B. VITTER |
| | * | |
| | * | MAGISTRATE DANA DOUGLAS |
| | * | |
| | * | |
| | * | |
| Defendant | * | |
| | * | |
| | * | |
| WELLS FARGO BANK, N.A. | * | |
| Intervening Plaintiff, | * | |
| | * | |
| VERSUS | * | |
| | * | |
| M/V BOUCHARD GIRLS, her tackle, furniture, apparel, appurtenances, etc., *in rem* | * | |
| | * | |
| | * | |
| Defendants. | * | |
| | * | |

*******************************************

**VERIFIED COMPLAINT IN INTERVENTION
BY WELLS FARGO BANK, N.A.**

Intervening Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") files this Complaint in Intervention pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and shows the following:

2698880.2

## I.     JURISDICTION, VENUE, AND PARTIES

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Admiralty Rule C of the Federal Rules of Civil Procedure.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 31325(c), and venue is proper in this district pursuant to 28 U.S.C. § 1391.

3. At all material times, Wells Fargo was and is a national banking association.

4. The M/V Bouchard Girls (Official Number 955450 and IMO Number 8835102) is a vessel registered under the flag of the United States, is presently under arrest in this District, and is within the jurisdiction of this Honorable Court.

5. The Barge B. No. 295 (Official Number 955449 and IMO Number 8640569) is a vessel registered under the flag of the United States, is presently under arrest in this District, and is within the jurisdiction of this Honorable Court.

## II.     BACKGROUND FACTS

6. Pursuant to a senior secured revolving loan agreement dated October 30, 2013 (the "Loan Agreement"), made between Bouchard Transportation Co., Inc. ("Bouchard") as borrower and Wells Fargo as lender, Wells Fargo agreed to and did make senior secured revolving loans to Bouchard in the principal amount of $100,000,000.00 (the "Loan") on the terms and conditions set out in the Loan Agreement. A true and correct copy of the Loan Agreement is attached hereto as Exhibit 1.

7. The owners of various vessels (the "Original Guarantors"), each of which is a subsidiary of Bouchard, entered into a Guaranty in favor of Wells Fargo. Pursuant to the terms of the Guaranty, the Original Guarantors guaranteed payment to Wells Fargo of all amounts due and

owning under the Loan Agreement. A true and correct copy of the Guaranty is attached hereto as Exhibit 2.

8. All amounts due and owning under the Loan Agreement and the Guaranty are secured by mortgages on the vessels owned by the Original Guarantors, dated October 30, 2013, executed by the Original Guarantors in favor of Wells Fargo as mortgagee.

9. On February 4, 2015, Tug Bouchard Girls Corp. (the "Girls Owner"), B. No. 295 Corp. (the "295 Owner")—the owners of M/V Bouchard Girls and the Barge B. No. 295, respectively—Bouchard, the Original Guarantors, and Wells Fargo, *inter alia*, entered into a First Amendment to Loan Agreement, Note and Guaranty (the "First Amendment"). Among other things, the First Amendment increased the maximum amount of the Loan to $165,000,000.00 and added the Girls Owner and the 295 Owner, *inter alia*, as additional guarantors of the Loan. A true and correct copy of the First Amendment is attached hereto as Exhibit 3.

10. Also on February 4, 2015, the Girls Owner and Wells Fargo entered into a first preferred ship mortgage (the "Girls Mortgage") covering the M/V Bouchard Girls, securing the Loan, and executed by the Girls Owner in favor of Wells Fargo as mortgagee. A true and correct copy of the Girls Mortgage is attached hereto as Exhibit 4.

11. The Girls Mortgage was recorded with the U.S. Coast Guard's National Vessel Documentation Center on February 5, 2015, as a preferred mortgage in the amount of $165,000,000.00. A true and correct copy of the abstract of title dated February 9, 2015, showing the recording of the Girls Mortgage is attached hereto as Exhibit 5.

12. Article 4 of the Girls Mortgage entitles Wells Fargo to exercise certain rights and remedies, including "all of the rights, privileges and remedies of foreclosure," upon the occurrence

of an Event of Default, as defined in Article 3 of the Girls Mortgage, which includes the occurrence of any "Event of Default" as defined in the Loan Agreement.

13. The Girls Mortgage constitutes a valid and perfected preferred mortgage on the M/V Bouchard Girls within the meaning of 46 U.S.C. § 31301 *et seq.*

14. Also on February 4, 2015, the 295 Owner and Wells Fargo entered into a first preferred ship mortgage (the "295 Mortgage") covering the Barge B No. 295, securing the Loan, and executed by the 295 Owner in favor of Wells Fargo as mortgagee. A true and correct copy of the 295 Mortgage is attached hereto as Exhibit 6.

15. The 295 Mortgage was recorded with the U.S. Coast Guard's National Vessel Documentation Center on February 5, 2015, as a preferred mortgage in the amount of $165,000,000.00. A true and correct copy of the abstract of title dated February 9, 2015, showing the recording of the 295 Mortgage is attached hereto as Exhibit 7.

16. Article 4 of the 295 Mortgage entitles Wells Fargo to exercise certain rights and remedies, including "all of the rights, privileges and remedies of foreclosure," upon the occurrence of an Event of Default, as defined in Article 3 of the 295 Mortgage, which includes the occurrence of any "Event of Default" as defined in the Loan Agreement.

17. The 295 Mortgage constitutes a valid and perfected preferred mortgage on the Barge B. No. 295 within the meaning of 46 U.S.C. § 31301 *et seq.*

18. On October 30, 2018, the Girls Owner, the 295 Owner, Bouchard, and Wells Fargo, *inter alia*, entered into a Second Amendment to Loan Agreement, Note and Guaranty (the "Second Amendment"). A true and correct copy of the Second Amendment is attached hereto as Exhibit 8.

19. On April 28, 2019, the Girls Owner, the 295 Owner, Bouchard, and Wells Fargo, *inter alia*, entered into a Third Amendment to Loan Agreement (the "Third Amendment"). Among

other things, the Third Amendment decreased the maximum amount of the Loan to $163,250,000.00. A true and correct copy of the Third Amendment is attached hereto as Exhibit 9.

20. On November 5, 2019, the Girls Owner, the 295 Owner, Bouchard, and Wells Fargo, *inter alia*, entered into a Fourth Amendment, Forbearance, Waiver and Joinder to Loan Agreement (the "Fourth Amendment"). Among other things, the Fourth Amendment extended the maturity date of the loan to February 7, 2020. A true and correct copy of the Fourth Amendment is attached hereto as Exhibit 10.

21. The Loan matured on February 7, 2020, but has not been repaid in full.

22. Bouchard has failed to fulfill its obligations under the Loan Agreement, the First Amendment, the Second Amendment, the Third Amendment, and the Fourth Amendment by failing to repay the Loan when it matured on February 7, 2020, and is currently in default.

23. On February 11, 2020, Wells Fargo sent Bouchard, the Girls Owner, and the 295 Owner, *inter alia*, a notice of that an Event of Default had occurred and demand for immediate payment of all obligations. A true and correct copy of this notice and demand is attached hereto as Exhibit 11.

24. Despite the Loan having matured on February 7, 2020, and despite due demand, the Girls Owner and the 295 Owner have failed to make payment on the Guaranty, as amended by the First Amendment, the Second Amendment, the Third Amendment, and the Fourth Amendment, or as required by the Girls Mortgage and the 295 Mortgage.

25.     As of April 17, 2020 US$165,623,469.74 is due and owning under the Loan Agreement, as amended, the Guaranty, as amended, the Girls Mortgage, and the 295 Mortgage, consisting of US$163,100,000.00 of unpaid principal, US$1,389,789.18 of interest due under the Loan, and US$1,133,680.56 of default interest.

### III.     FORECLOSURE OF PREFERRED SHIP MORTGAGE

26.     Wells Fargo sues the Vessels, their engines, tackle, auxiliary vessels, equipment, furniture, rigging, appurtenances, etc., *in rem* and repeats and realleges by reference the allegations contained in paragraphs 1–26 as if specifically set forth herein.

27.     In consideration of the Loan, the Girls Owner and the 295 Owner executed the First Amendment whereby they became guarantors of Bouchard's debt to Wells Fargo in the amount of US$165,000,000, which was later adjusted by the Third Amendment to $163,250,000.  The Loan is secured by the Girls Mortgage and the 295 Mortgage, which name Wells Fargo as the mortgagee. The Girls Mortgage and the 295 Mortgage were duly and validly executed on February 4, 2015.

28.     The Girls Owner has failed to perform its obligations under the Guaranty, as amended, and the Girls Mortgage, and it is therefore in default for failure to pay the Loan upon its maturity on February 7, 2020.

29.     The 295 Owner has failed to perform its obligations under the Guaranty, as amended, and the 295 Mortgage, and it is therefore in default for failure to pay the Loan upon its maturity on February 7, 2020.

30.     The Girls Owner and the 295 Owner are presently in default under the terms of the Guaranty—as amended by the LA First Amendment—the Girls Mortgage and the 295 Mortgage.

31.     As a result of the aforesaid defaults under the Guaranty, as amended, the Girls Mortgage and the 295 Mortgage, Wells Fargo is entitled to assert and foreclose its preferred mortgage liens on the Vessels.

32. Prior to commencement of this action, all acts and things required to be done were accomplished in order to constitute the Girls Mortgage and the 295 Mortgage as preferred ship mortgages within the meaning of 46 U.S.C. § 31301 *et seq*.

## IV.   PRAYER

WHEREFORE, Intervening Plaintiff Wells Fargo prays:

That process of arrest, in due form of law, according to the course and practice of this Honorable Court in causes of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, may issue against the Vessels and their engines, tackle, apparel, etc., and all other necessaries and equipment belonging and appurtenant thereto, as provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, and that all persons claiming any interest in the Vessel may be cited to appear and answer the matters aforesaid, and that the Vessels, their engines, tackle, apparel, etc., and all other necessaries belonging and appurtenant thereto, may be seized, condemned and sold to pay the demands and claims aforesaid, with interest, costs and attorneys' fees and to pay any other amounts advanced by Wells Fargo or required to be paid by the Girls Owner, the 295 Owner, or Bouchard to Wells Fargo under the Guaranty, as amended, the Girls Mortgage, the 295 Mortgage, and any other agreements related thereto, together with interest, costs and attorneys' fees, and that Wells Fargo may have such other and further relief as in law and justice it may be entitled to receive;

That the Girls Mortgage and the 295 Mortgage executed by the Girls Owner and the 295 Owner, respectively, may be declared to be valid and subsisting liens upon the Vessels, their engines, tackle, apparel, etc., and all other equipment and necessaries belonging and appurtenant thereto, which to the extent permitted by applicable law is prior and superior to the interest, liens or claims of any and all persons, firms or corporations whatsoever; and

That judgment be issued against the Vessels, *in rem*, in the full amount due under the Guaranty, as amended, the Girls Mortgage, the 295 Mortgage, and any other agreements related thereto at the time the warrant of arrest is issued, plus interest, charges, costs and attorneys' fees, as well as any and all other amounts required to be paid by Bouchard, the Girls Owner, or the 295 Owner to Wells Fargo under the Guaranty, as amended, the Girls Mortgage, the 295 Mortgage, and any other agreements related thereto with interest and costs and further, that Wells Fargo reserves its right to proceed against Bouchard, the Girls Owner, the 295 Owner, and any other party to the Loan Agreement or any guaranty for any deficiency that may remain due after applying the available proceeds of the sale of the Vessels to the judgment herein, and that Wells Fargo have such other and further relief as in law and justice it may be entitled to recover.

Dated this 17th day of April, 2020.

                                          Respectfully submitted,

                                        */s/ Benjamin O. Schupp*
                                        RICHARD A. AGUILAR (La. Bar No. 17439) TA
                                        BENJAMIN O. SCHUPP (La. Bar No. 21074)
                                        ADAM C. McNEIL (La. Bar No. 27001)
                                        McGLINCHEY STAFFORD, PLLC
                                        601 Poydras Street – 12th Floor
                                        New Orleans, Louisiana 70130
                                        Telephone (504) 586-1200
                                        Facsimile (504) 324-0965
                                        raguilar@mcglinchey.com
                                        bschupp@mcglinchey.com
                                        amcneil@mcglinchey.com

                                        ATTORNEYS FOR INTERVENOR,
                                        WELLS FARGO BANK, N.A.

*Of Counsel*

MICHAEL B. TAYLOR (TX Bar No. 24102560)
J. JAMES COOPER (TX Bar No. 04780010)
REED SMITH LLP
Suite 1700
811 Main Street
Houston, TX 77002-6110
Telephone (713) 469-3800
Facsimile (713) 469-3899
btaylor@reedsmith.com
jcooper@reedsmith.com

2698880.2

- 9 -