UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| E. N. BISSO & SON, INC. | * | CIVIL ACTION |
| VERSUS | * | NO. 19-cv-14765 |
| M/V BOUCHARD GIRLS, her tackle, Furniture, apparel, appurtenances, *etc. in rem*, and the Barge B. NO. 295, her tackle, Furniture, apparel, appurtenances, *etc. in rem* and BOUCHARD TRANSPORTATION CO., INC. *in personam* | * * * | SECTION ""D" (3) JUDGE VITTER MAGISTRATE DOUGLAS |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF *IN REM* SUBJECT MATTER JURISDICTION AND LACK OF PERSONAL JURISDICTION**

**MAY IT PLEASE THE COURT:**

Tug BOUCHARD GIRLS Corp., as owner of the M/V BOUCHARD GIRLS, *in rem* ("BOUCHARD GIRLS"), and B. No. 295 Corp., as owner of the Barge B. No. 295, *in rem* ("B. No. 295"), respectfully move this Court to dismiss the Verified Complaint in Intervention filed by Wells Fargo Bank, N.A. ("Wells Fargo"). [Rec. Doc. 41]. Wells Fargo has not arrested the M/V BOUCHARD GIRLS or the Barge B. No. 295, *in rem*, and, pursuant to well-established principles of the Fifth Circuit, without the arrest of the M/V BOUCHARD GIRLS and the Barge B. No. 295, this Honorable Court lacks *in rem* jurisdiction to make any award against those vessels in favor of Wells Fargo, and Wells Fargo has not obtained personal jurisdiction over the owners of those vessels.

Therefore, as explained below, the Court should dismiss Well Fargo's Verified Complaint in Intervention.

1

## BACKGROUND

On December 27, 2019, E.N. Bisso & Son, Inc. ("Bisso") filed its Verified Complaint in this action against the M/V BOUCHARD GIRLS and the Barge B. No. 295 (collectively, "the Vessels") *in rem* and against Bouchard Transportation Co., Inc. *in personam*. [Rec. Doc. 1]. The Complaint requested the arrest of the Vessels and the Vessels were subsequently arrested by the U.S. Marshals pursuant to this Court's order. [Rec. Doc. 9].

Long after the Bisso arrest in December 2019, Wells Fargo filed an unopposed motion to intervene [Rec. Doc. 38] on April 17, 2020, which motion was granted by the Court on April 20, 2020. [Rec. Doc. 40].

Wells Fargo's Verified Complaint in Intervention [Rec. Doc. 41] asserts *in rem* claims against the Vessels. Wells Fargo requests that "process of arrest, in due form of law….may issue against the Vessels…as provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claim, and that all persons claiming any interest in the Vessel may be cited to appear and answer the matters aforesaid, and that the Vessel may be seized, condemned and sold to pay the demands…advanced by Well Fargo…." [*Id*. at p. 7]. Although Wells Fargo prayed that the Vessels be arrested pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims in order to assert its alleged preferred ship mortgages against the Vessels, it has not done so.

On May 18, 2020, Wells Fargo filed its Motion for Summary Judgment asking the Court to enforce its alleged preferred ship mortgages against the Vessels. [Rec. Doc. 58]. Thereafter, on May 20, 2020, Wells Fargo filed a Motion Authorizing the Issuance of Warrant for Rule C

Maritime Arrest and requested the Court to order the Clerk to issue a warrant of arrest to the Vessels pursuant to Rule C. [Rec. Doc. 58]. To date, the warrant of arrest has not been issued, and Wells Fargo has not had the Marshals arrest the Vessels.

## LAW AND ARGUMENT

**A. This Court Lacks Jurisdiction to Enter Judgment in Favor of Well Fargo and Against the Vessels *in Rem*.**

In its Verified Complaint in Intervention, Wells Fargo prays that a "judgment be issued against the Vessels, *in rem*," for amounts allegedly due. [Rec. Doc. 41, p. 8]. "Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims prescribes the procedure for obtaining jurisdiction *in rem* in admiralty cases." *Transorient Navigators Co., S.A. v M/S Southwind*, 788 F. 2d 288 (5th Cir 1986). Rule C(3) entitled "Judicial Authorization and Process" provides, in pertinent part, as follows:

> (a) Arrest Warrant.
>
> > (i) The court must review the complaint and any supporting papers. If the conditions for an in rem action appear to exist, the court must issue an order directing the clerk to issue a warrant for the arrest of the vessel or other property that is the subject of the action. …
>
> (b) Service.
>
> > (i) If the property that is the subject of the action is a vessel or tangible property on board a vessel, the warrant and any supplemental process must be delivered to the marshal for service. …

When no *in rem* process is issued against a vessel and served on the vessel by the Marshal as required under Rule C, the district court lacks jurisdiction to enter judgment against a vessel *in rem*. *Pacific Employers Ins. Co. v. M/V Gloria*, 767 F.2d 229, 234 (5th Cir. 1985); *Associated Metals & Minerals Corp. v. SS Potoria*, 484 F.2d 460, 461 (5th Cir 1973); *Dow Chemical Co., v. Bare UM-23-B*, 424 F.2d 307, 311 (5th Cir. 1970). "This arrest or seizure of

the property gives the court jurisdiction." *Wong Shing v. M/V MARDINA TRADER*, 564 F.2d 1183, 1186 (5th Cir. 1977).

The Fifth Circuit mandates that a party seeking a judgment *in rem* against a vessel must arrest the vessel even if the vessel had previously been arrested by another party. In *Transorient Navigators Company v. M/S SOUTHWIND*, 788 F.2d 288 (5th Cir. 1986), the United States sought contribution from a vessel involved in a collision, the M/S SOUTHWIND. The SOUTHWIND had been arrested by the plaintiff, Transorient, but never arrested by the United States. *Id.* at 291. The district court allowed the United States to recover on its maritime lien against the SOUTHWIND, even though it had not arrested the vessel. The vessel interests appealed that award because the United States had never arrested the vessel, which the vessel interests maintained was a **necessary prerequisite** for an action *in rem*. *Id.* The United States, like Well Fargo in this case, maintained that its arrest of the vessel was not necessary because the vessel had been arrested by another party to the litigation. *Id.* at 292.

The Fifth Circuit agreed with the vessel interests that even though the United States had a maritime lien against the SOUTHWIND, since the United States never arrested the SOUTHWIND and had not followed the procedures specified in Rule C, the district court lacked jurisdiction to award the United States contribution against the vessel *in rem*. *Id.* at 292-93.

In the *Transorient Navigators* case, the vessel owner had posted security in the form of a special bond to release the vessel from the arrest. *Id.* at 292. The Fifth Circuit held that the special bond under Supplemental Rule E(5)(a) permitted the shipowner "to restrict his appearance to the action for which the bond had been posted" but it was not an agreement by the

vessel owner to pay any other claim presented in the litigation against the vessel other than the specified claim:

> This language makes clear that the bond posted by Westwind is a special bond, conditioned solely on payment of a judgment in favor of Transorient. The bond does not run in favor of any other party to the litigation. This bond brings the SOUTHWIND before the court for the sole purpose of answering Transorient's claim.

*Id*. at 292. The Fifth Circuit directly answered the question about the necessity of a plaintiff or claimant to arrest a vessel, pursuant to Rule C, to properly vest the court with *in rem* jurisdiction to adjudicate that plaintiff/claimant's claim against the vessel *in rem*:

> If the United States wished to file a cross-claim for contribution against the SOUTHWIND, it should have had the vessel arrested in accordance with the procedures specified in Rule C. Because it did not, we hold that the district court lacked jurisdiction to award the United States contribution against the SOUTHWIND in rem.

*Id.* at 292-93 (citing *Pacific Employers Insurance*, 767 F.2d at 234 (district court erred in entering judgment against vessel *in rem* where no *in rem* process was issued, the vessel was not arrested, no answer was filed on the vessel's behalf, and the vessel owner did not waive attachment); *Associated Metals*, 484 F.2d at 461-62 (same)).

In the instant case, after the Vessels' arrests, there was no special or general bond issued for release of the Vessels. But even if, for argument's sake, a special bond had been issued to Bisso to release the vessel from arrest under Rule E(5)(a), that bond would have run solely in favor of Bisso and would not have been available for the benefit of any other later joining party to this lawsuit, like Wells Fargo. As the Fifth Circuit clearly recognized in *Transorient Navigators*: "The bond brings the SOUTHWIND before the court for the **sole purpose** of answering Transorient's claim." 788 F.2d at 292.

Moreover, if a general bond had been filed—which it has not—in accordance with Rule E(5)(b), it would have been posted as security to answer court judgments "**in all or any actions that may be brought thereafter** in such court **in which the vessel is attached or arrested.** Thereupon the execution of all such process against such vessel shall be stayed so long as the amount secured by such bond or stipulation is at least double the aggregate **amount claimed by plaintiffs in all actions begun and pending in which such vessel has been attached or arrested**." Rule E(5)(b) (emphasis added). Clearly, the general bond would only respond to a claim in a plaintiff's action against the vessel *IF* and *WHEN* the "vessel is attached or arrested" or "has been attached or arrested" in that plaintiff's action.

Rule E(5) unquestionably requires that in order to be able to access security provided by a special or general bond, substituted in place of the Vessels, a claimant, such as Wells Fargo or any other claimant, MUST arrest or attach the Vessels first. Without an arrest of the Vessels, a Rule C maritime lien claimant does not perfect the court's *in rem* jurisdiction over the vessel for its claim and such claimant has no right to seek the security benefits of a special or general bond substituted for the vessel. 788 F.2d at 292-93.

Rule C mandates that arrest of the Vessels is one of the critical elements for a court to be able to exercise *in rem* jurisdiction over Wells Fargo's claim against the Vessels, and Rule E confirms arrest or attachment is necessary for a claimant to have the benefit of a special bond or general bond substituted as security to pay claims against the Vessels.

**B.     There Has Been No Waiver of *In Rem* Jurisdiction in This Case**

In this case, there has been no waiver by the Vessels' owning companies to object to *in rem* jurisdiction asserted by any entity that is not properly commenced by arrest of the

Vessels. The only parties to the suit when the owners filed their Verified Statements of Right or Interest in the Vessels were Bisso and the defendants—no other claimant asserted an *in rem* claim against the Vessels at that time. Those Statements noted the owners intended to defend the vessels *in rem* in these proceedings brought by Bisso. [R. Docs. 18 and 19]. Thereafter, the Owners filed an Answer specifying they were making a restricted appearance to answer the Complaint of Bisso. [R. Doc. 30]. Admiralty Rule E(8) provides that an appearance to defend against an admiralty and maritime claim may be expressly restricted to the defense of such claim. When that occurs, as it did here, Rule E(8) stipulates that it is "**not an appearance for the purpose of any other claim with respect to which such process** is not available or **has not been served**." (Emphasis added). Thus, the Vessel owners' Answer, which noted their restrictive appearance, did not constitute an appearance for any future claims that might be brought in this litigation by entities not party to the litigation at the time the Answer was filed, such as Wells Fargo, or a waiver of any maritime lien claimants obligation to comply with Rule C to obtain in rem jurisdiction for those future claims against the Vessels.

In this case there has been no waiver of *in rem* jurisdiction as to any and all claims that could be brought now or in the future in the Eastern District of Louisiana against these Vessels. Boland, another intervenor, recognized that fact and the need to comply with the Rule C requirements for perfecting *in rem* jurisdiction of its claims against the Vessels by recently requesting the Court to issue a warrant of arrest for these vessels and having the Marshal serve the arrest warrant on the Vessels to perfect the Court's *in rem* jurisdiction of Boland's claims against the Vessels. [R. Doc. 26].

*       *       *

Accordingly, Wells Fargo must seek a warrant of arrest from this Court and have the U.S. Marshal serve the warrant on the Vessels to perfect *in rem* jurisdiction of the Court over Wells Fargo's claims against the Vessels. Wells Fargo's failure to comply with these well recognized and long followed Rule C procedures to properly assert its maritime lien claims against the Vessels means the Court lacks *in rem* jurisdiction over Wells Fargo's claims against the vessels.

**C.    The Court Lacks In Personam Jurisdiction Over The Vessels Owners.**

The Court has no *in personam* jurisdiction over these Vessels' owners as the Court's record confirms they have never been served with process by Wells Fargo.

## CONCLUSION

Wells Fargo obviously realized after it filed its motion for summary judgment against the Vessels *in rem* that it had failed to follow the clear, requisite procedures set forth by Rule C to obtain *in rem* jurisdiction of the Vessels for Wells Fargo's claim against the Vessels. As yet, Wells Fargo has not complied with Rule C as it has not obtained a warrant of arrest order from the Court, the Clerk has not issued warrants of arrest, and the U.S. Marshal has not served any warrants of arrest on the Vessels to secure *in rem* jurisdiction of its claim against the Vessels. Thus, this Court currently lacks proper *in rem* subject matter jurisdiction over the Vessels for Wells Fargo's claims and, additionally, lacks *in personam* jurisdiction over the Vessels' owners.

Therefore, Wells Fargo's Verified Complaint in Intervention [Rec. Doc. 41] should be dismissed.

Respectfully submitted,

MURPHY, ROGERS, SLOSS,
 GAMBEL & TOMPKINS

*/s/ Robert H. Murphy*

---

Robert H. Murphy (#9850)
rmurphy@mrsnola.com
Timothy D. DePaula (#31699)
tdepaula@mrsnola.com
701 Poydras Street
Suite 400, Hancock Whitney Center
New Orleans, LA 70139
Telephone: (504) 523-0400
Facsimile: (504) 523-5574
*Attorneys for Tug BOUCHARD GIRLS Corp. as owner of the M/V BOUCHARD GIRLS, in rem, making a restricted appearance pursuant to Rule E(8) of the Federal Rules of Civil Procedure, and B. No. 295 Corp., as owner of the Barge B. No. 295, in rem, making a restricted appearance pursuant to Rule E(8) of the Federal Rules of Civil Procedure*

4836-7538-3485, v. 1