UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| E.N. BISSO & SON, INC., ET AL. | CIVIL ACTION |
| VERSUS | NO. 19-14765 |
| M/V BOUCHARD GIRLS, her tackle, Furniture, apparel, appurtenances, *etc.* *in rem* & BOUCHARD TRANSPORTATION CO., INC., *in personam* | SECTION D (3) |

## ORDER

Tug BOUCHARD GIRLS Corp. filed a "Motion to Dismiss for Lack of In Rem Subject Matter Jurisdiction and Lack of Personal Jurisdiction."[1]

In its Motion, BOUCHARD GIRLS argues that the Court should dismiss plaintiff-intervenor Wells Fargo's complaint in intervention for lack of jurisdiction, because at the time BOUCHARD GIRLS filed the motion, Wells Fargo had not yet arrested the M/V BOUCHARD GIRLS. Such an argument lacks merit, as Wells Fargo did not initiate a separate *in rem* action, but rather intervened in an action the vessel had already been arrested.[2] In an event, Wells Fargo subsequently arrested the M/V BOUCHARD GIRLS as well as Barge B No. 295.[3] Therefore, any

---

[1] R. Doc. 67.
[2] *See Bordelon Marine, Inc. v. F/V KENNY BOY*, No. 10-1705, 2011 WL 290827, at *2 (E.D. La. Jan. 25, 2011) (explaining that lienholders may either initiate independent *in rem* actions or intervene in an existing action, but if a party chooses to initiate any independent action, then it must separately arrest the vessel).
[3] *See* R. Doc. 74 (Warrant of Arrest issued for M/V BOUCHARD GIRLS); R. Doc. 75 (Warrant of Arrest issued for Barge B. No. 295); R. Doc. 86 (Return of Service).

jurisdictional defects alleged by BOUCHARD GIRLS in its Motion to Dismiss have been remedied. The BOUCHARD GIRLS's Motion is therefore denied.

**IT IS HEREBY ORDERED** that the Motion to Dismiss for Lack of Jurisdiction[4] is DENIED.

New Orleans, Louisiana, August 17, 2020.

*Wendy B. Vitter*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[4] R. Doc. 67.